IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PAUL F. WEINBAUM, and as a parent and guardian
for Olivia S. Weinbaum; MARTIN J. BOYD,**

      **Plaintiffs,**

vs.                                                                                             No. CIV 05-0996 RB/LAM

**CITY OF LAS CRUCES, NEW MEXICO;
The City Council in their official capacity;
WILLIAM MATTIACE, individually,
and as Mayor; DOLORES ARCHULETA,
 individually, Mayor Pro Tem and as City
Councilor; JOSE FRIETZE, individually and
as City Councilor; KENNETH MIYAGISHIMA,
individually and as City Councilor; WESLEY
STRAIN, individually and as City Councilor;
STEVE TROWBRIDGE, individually and as City
Councilor; TERRENCE MOORE, individually and as
City Manager; MARYANN USTICK,
individually and as Assistant City Manager;
as members of the City Council, City of Las Cruces,
New Mexico; UDELL VIGIL, individually
and as Director, Public Information Office;
BRIAN DENMARK, individually and as Director,
Facilities Department; WILLIAM RICHARDSON,
individually and as Governor of New Mexico;
PATRICIA MADRID, individually and as
Attorney General of New Mexico;
SUSANA MARTINEZ, individually and as the
District Attorney, Third Judicial District of New Mexico;
and JOHN DOES 1-10,**

      **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

      **THIS MATTER** came before the Court on Defendants Terrence Moore, Maryann Ustick,

Udell Vigil, and Brian Denmark's Motion to Dismiss (Doc. 5), filed on September 23, 2005.  Having

considered the motion, briefs,[1] relevant law, and being otherwise fully advised, I find that this motion should be granted.

**I. Background.**

Plaintiffs[2] filed this action pro se on September 16, 2005, asserting federal civil rights claims. In their Complaint, Plaintiffs allege violations of the First Amendment and the Civil Rights Act of 1964 caused by the use of three crosses as an official symbol of the City of Las Cruces, New Mexico.

Defendants Moore, Ustick, Vigil, and Denmark move to dismiss on the ground that the Complaint contains no factual allegations indicating that they engaged in any wrongful act or omission.

**II. Standard.**

When considering a motion to dismiss for failure to state a claim, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) is granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

As pro se litigants, Plaintiffs are entitled to a liberal reading of their pleadings and their

---

[1] On October 5, 2005, Plaintiffs filed a Reply to Defendants' Motion to Dismiss and a Reply to Defendants' Memorandum in Support of Motion to Dismiss. (Docs. 11 and 12.) Plaintiffs are reminded that the filing of a surreply requires leave of the Court. D.N.M. LR-Civ. 7.6(b). Plaintiffs filed a "Reply" to the City Defendants' Answer and a "Response" to the State Defendants' Answer. (*See* Docs. 18 and 3.) Plaintiffs are admonished that such documents are not authorized by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 7(a).

[2] Weinbaum was advised at the November 10, 2005 status conference that he may not act as counsel for Olivia Weinbaum or any other person.

submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, the Court may not assume the role of advocate for pro se litigants, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

### III. Discussion.

Defendants Moore, Ustick, Vigil, and Denmark are City employees. Although their names are included in the caption, Plaintiffs allege no facts that would establish wrongful conduct on the part of these Defendants. Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Plaintiffs have failed to allege personal involvement by these defendants. Even affording a liberal reading to the Complaint, Plaintiffs have failed to state a claim against Defendants Moore, Ustick, Vigil, and Denmark.

**WHEREFORE,**

**IT IS ORDERED** that Defendants Terrence Moore, Maryann Ustick, Udell Vigil, and Brian Denmark's Motion to Dismiss (Doc. 5), filed on September 23, 2005, is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**