IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PAUL F. WEINBAUM, and as a parent and guardian**
**for Olivia S. Weinbaum; MARTIN J. BOYD,**

        Plaintiffs,

vs.                                             No. CIV 05-0996 RB/LAM

**CITY OF LAS CRUCES, NEW MEXICO;**
**The City Council in their official capacity;**
**WILLIAM MATTIACE, individually,**
**and as Mayor; DOLORES ARCHULETA,**
**individually, Mayor Pro Tem and as City**
**Councilor; JOSE FRIETZE, individually and**
**as City Councilor; KENNETH MIYAGISHIMA,**
**individually and as City Councilor; WESLEY**
**STRAIN, individually and as City Councilor;**
**STEVE TROWBRIDGE, individually and as City**
**Councilor; TERRENCE MOORE, individually and as**
**City Manager; MARYANN USTICK,**
**individually and as Assistant City Manager;**
**as members of the City Council, City of Las Cruces,**
**New Mexico; UDELL VIGIL, individually**
**and as Director, Public Information Office;**
**BRIAN DENMARK, individually and as Director,**
**Facilities Department; WILLIAM RICHARDSON,**
**individually and as Governor of New Mexico;**
**PATRICIA MADRID, individually and as**
**Attorney General of New Mexico;**
**SUSANA MARTINEZ, individually and as the**
**District Attorney, Third Judicial District of New Mexico;**
**and JOHN DOES 1-10,**

        **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

        **THIS MATTER** came before the Court on Defendants Patricia A. Madrid and Susana

Martinez's Motion to Dismiss (Doc. 15), filed on October 7, 2005. Having considered the motion,

briefs,[1] relevant law, and being otherwise fully advised, I find that this motion should be granted.

**I. Background.**

Plaintiffs[2] filed this action pro se on September 16, 2005, asserting federal civil rights claims. In their Complaint, Plaintiffs allege violations of the First Amendment and the Civil Rights Act of 1964 caused by the use of three crosses as an official symbol of the City of Las Cruces, New Mexico.

Defendant Patricia Madrid is the Attorney General of the State of New Mexico. Susana Martinez is the District Attorney for the Third Judicial District of the State of New Mexico. Plaintiffs allege that Defendants Madrid and Martinez chose to ignore Plaintiffs' rights and failed to enforce the United States Constitution and the New Mexico Constitution. Defendants Madrid and Martinez[3] move to dismiss based on absolute prosecutorial immunity and seek an award of fees and costs.

**II. Standard.**

When considering a motion to dismiss for failure to state a claim, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the

---

[1] On November 8, 2005, Plaintiffs filed a Supplemental Response to Defendants' Reply In Support of Motion to Dismiss. (Doc. 39.) Plaintiffs are reminded that the filing of a surreply requires leave of the Court. D.N.M. LR-Civ. 7.6(b). Plaintiffs filed a "Reply" to the City Defendants' Answer and a "Response" to the State Defendants' Answer. (*See* Docs. 18 and 3.) Plaintiffs are admonished that such documents are not authorized by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 7(a).

[2] Weinbaum was advised at the November 10, 2005 status conference that he may not act as counsel for Olivia Weinbaum or any other person.

[3] Plaintiffs complain that Defendant Richardson, the Governor of the State of New Mexico, did not join in the motion. The Court observes that the motion is based on prosecutorial immunity and that Governor Richardson is not a prosecutor.

light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  Dismissal of a complaint pursuant to Rule 12(b)(6) is granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

As pro se litigants, Plaintiffs are entitled to a liberal reading of their pleadings and their submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, the Court may not assume the role of advocate for pro se litigants, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

**III. Discussion.**

"There is no question in [the Tenth C]ircuit that prosecutors are absolutely immune from liability for allegedly failing to conduct an adequate, independent investigation of matters referred to them for prosecution." *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000). "State attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process." *Id.*, 216 F.3d at 908. Absolute prosecutorial immunity covers decisions not to prosecute. *Meade v. Grubbs*, 841 F.2d 1512, 1532-1533  (10th Cir. 1988).

Defendants Madrid and Martinez are absolutely immune from suit with respect to the

3

allegations of the Complaint.  The Court has liberally construed the Complaint and accepted all allegations as true.  The claims against Defendants Madrid and Martinez are barred by absolute prosecutorial immunity.  Accordingly, Defendant Madrid and Martinez's motion to dismiss will be granted.

Tenth Circuit law on the absolute immunity of state officials acting in prosecutorial roles has been clearly established for almost two decades.  In light of the settled nature of the law regarding absolute immunity, Plaintiffs allegations against Defendants Madrid and Martinez were frivolous. Counsel for Defendants Madrid and Martinez sought concurrence from Plaintiffs before filing their motion and warned Plaintiffs that their claims against these Defendants were frivolous.  (*See* Doc. 17.)  Instead of heeding the warning and reconsidering their untenable position, Plaintiffs filed a motion to desist with respect to defense counsel.

A district court has discretion to award attorney's fees to a prevailing defendant upon a finding that a claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.  *See U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 (10th Cir. 2004); *Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000).  Due to Plaintiffs' unfamiliarity with the law, the Court declines to grant Defendants' request for costs and fees.  However, the Court is concerned that Plaintiffs' lack of knowledge and legal training are interfering with the judicial process and imposing an undue burden on the defendants.  Plaintiffs are admonished that future maintenance of frivolous positions may result in sanctions.

**WHEREFORE,**

**IT IS ORDERED** that Defendants Patricia A. Madrid and Susana Martinez's Motion to Dismiss (Doc. 15), filed on October 7, 2005, is **GRANTED.**

*/s/ Robert Brack*

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**