IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PAUL F. WEINBAUM, and as a parent and guardian**
**for Olivia S. Weinbaum; MARTIN J. BOYD,**

        **Plaintiffs,**

vs.                                                                    No. CIV 05-0996 RB/LAM

**CITY OF LAS CRUCES, NEW MEXICO;**
**The City Council in their official capacity;**
**WILLIAM MATTIACE, individually,**
**and as Mayor; DOLORES ARCHULETA,**
**individually, Mayor Pro Tem and as City**
**Councilor; JOSE FRIETZE, individually and**
**as City Councilor; KENNETH MIYAGISHIMA,**
**individually and as City Councilor; WESLEY**
**STRAIN, individually and as City Councilor;**
**STEVE TROWBRIDGE, individually and as City**
**Councilor; TERRENCE MOORE, individually and as**
**City Manager; MARYANN USTICK,**
**individually and as Assistant City Manager;**
**as members of the City Council, City of Las Cruces,**
**New Mexico; UDELL VIGIL, individually**
**and as Director, Public Information Office;**
**BRIAN DENMARK, individually and as Director,**
**Facilities Department; WILLIAM RICHARDSON,**
**individually and as Governor of New Mexico;**
**PATRICIA MADRID, individually and as**
**Attorney General of New Mexico;**
**SUSANA MARTINEZ, individually and as the**
**District Attorney, Third Judicial District of New Mexico;**
**and JOHN DOES 1-10,**

        **Defendants.**

### MEMORANDUM OPINION AND ORDER

      **THIS MATTER** came before the Court on Plaintiffs' Motion for Temporary Injunctive

Relief (Doc. 2), filed on September 16, 2005.  Having reviewed the motion, response, relevant law,

and being otherwise fully advised, I find that this motion should be denied.

**I. Background and Standard.**

In their motion for temporary injunctive relief, Plaintiffs seek essentially the same relief that they seek in the Complaint filed in this matter on the same day as the motion. As pro se litigants, Plaintiffs are entitled to a liberal reading of their pleadings and their submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, the Court may not assume the role of advocate for pro se litigants, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

**II. Discussion.**

In order to obtain temporary injunctive relief in the Tenth Circuit, a movant must show:

> (1) substantial likelihood of prevailing on the merits; (2) irreparable injury if the injunction is denied; (3) greater injury to the movant absent the injunction than that which the opposing party will suffer under the injunction; and (4) lack of adverseness to the public interest.

*Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1231 (10th Cir. 2005). Moreover, because Plaintiffs' motion for preliminary injunctive relief "seeks to alter the status quo," the motion "'must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course.'" *Id.* (quoting *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc), *cert. granted sub nom. Gonzales v. O Centro Espirita Beneficiente Uniao Do Vegetal*, 125 S. Ct. 1846 (2005)).

Even reading Plaintiffs' motion broadly and with the benefit of all favorable inferences, Plaintiffs failed to make the requisite showing for temporary injunctive relief. Plaintiffs averred no exigency warranting the extraordinary relief they seek. The grounds cited by Plaintiffs are nearly identical to those averred in their Complaint, filed on the same day as the motion. Plaintiffs' motion contains no indicia that: (1) an "irreparable injury" of any kind will result absent the court enjoining Defendants' alleged constitutional violations; or (2) it is substantially certain that they will prevail on the merits. Accordingly, Plaintiffs' motion for temporary injunctive relief will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Temporary Injunctive Relief (Doc. 2), filed on September 16, 2005, is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**