IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL F. WEINBAUM,
OLIVIA S. WEINBAUM,
MARTIN J. BOYD,

    Plaintiffs,

vs.                                                                                                             No. CIV 05-0996 RB/LAM

CITY OF LAS CRUCES, NEW MEXICO,
WILLIAM MATTIACE, individually,
and in his official capacity as Mayor of the
City of Las Cruces, DOLORES ARCHULETA,
individually, and in her capacity as a member
of the City Council of the City of Las Cruces,
New Mexico, DOLORES CONNOR,
individually, and in her capacity as a member
of the City Council of the City of Las Cruces,
New Mexico, JOSE FRIETZE, individually,
and in his capacity as a member of the City
Council of the City of Las Cruces, New Mexico,
KENNETH MIYAGASHIMA, individually, and
in his capacity as a member of the City Council of
the City of Las Cruces, New Mexico, WESLEY
STRAIN, individually, and in his capacity as a member
of the City Council of the City of Las Cruces, New
Mexico, and STEVE TROWBRIDGE, individually,
and in his capacity as a member of the City Council
of the City of Las Cruces, New Mexico,

    Defendants.

MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' Motion to Exclude Testimony of Jon Hunner, Ph.D., (Doc. 145), filed on June 29, 2006. Jurisdiction arises under 28 U.S.C. §1331. Having reviewed the submissions of the parties, and being otherwise fully advised, I find that this motion should be denied with respect to the assertions of bias and granted with respect to any legal opinions rendered by Dr. Hunner.

**I. Background.**

On November 10, 2005, Jon Hunner, Ph.D, Associate Professor and Director of the Public History Program at New Mexico State University, was appointed by Stipulated Order to serve as a Rule 706 expert in Case No. CIV 03-1043 RB/LAM. (*See* Doc. 79, CIV 03-1043 RB/LAM, "Stipulated Order.") The Stipulated Order provided that:

> Professor Hunner is appointed as Court Expert and shall prepare a report for the Court concerning the historical context of the name, Las Cruces, and the use of crosses within the community of Las Cruces providing information, if available, as to when the crosses were used in the town or city of Las Cruces, why and how they have been used in this area in both the historical context and/or the community and the forum in which the crosses have been displayed. (Doc. 79, CIV 03-1043 RB/LAM.)

At a status conference held on November 10, 2005, the litigants indicated that they wanted Professor Hunner to serve as an expert in both Case No. CIV 03-1043 RB/LAM and the instant case. Plaintiffs filed an unopposed motion to appoint Dr. Hunner as a Rule 706 expert in this case. On December 12, 2005, I granted Plaintiffs' motion, and appointed Dr. Hunner to serve as a Rule 706 expert in the instant case, subject to the provisions of the Stipulated Order.

On January 6, 2006, Defendants disclosed that Dr. Hunner had a contract with the Las Cruces Convention and Visitors Bureau[1] ("LCC&VB") that called for Dr. Hunner to prepare a promotional brochure on the history of Las Cruces.

On January 27, 2006, Dr. Hunner submitted his Rule 706 Report ("Report") pursuant to the Stipulated Order. On February 13, 2006, Plaintiffs filed responses to the Report, contending that the contractual relationship between Dr. Hunner and LCC&VB taints his Report and constitutes a conflict of interest that should preclude him from serving as a Rule 706 expert in this case. On May

---

[1] LCCV&B is an agency of the City charged with attracting meetings and travelers to Las Cruces in order to stimulate the local economy. *See* http://www.lascrucescvb.org/pdf/2004-05AnnualReport.pdf.

25, 2006, Magistrate Judge Lourdes A. Martinez ordered the parties to brief the issue and set a briefing schedule. Plaintiffs and Defendants filed timely briefs on the issue. In their brief, Plaintiffs state that they would not have stipulated to the appointment of Dr. Hunner as a Rule 706 expert if they had known of his relationship with LCC&VB.

On June 29, 2006, Plaintiff filed a motion to exclude the testimony of Dr. Hunner, contending that Section Two of the Report, entitled "Governmental Protection of the Practice of Religion," and the second and third paragraphs on page 19, continuing to page 20, should be excluded because they exceed the scope of the Stipulated Order and Dr. Hunner's qualifications.

## II. Discussion

### A. The contract with LCC&VB does not disqualify Dr. Hunner from serving as a Rule 706 expert.

The LCC&VB contract, dated May 9, 2005, provided that City would pay Dr. Hunner $900.00 for his services. (Hunner Depo., Ex. 8.) Dr. Hunner testified at his deposition that his work pursuant to the contract consisted of supervising a graduate student and editing the brochure. (Hunner Depo. at 21.) As of June 15, 2006, the brochure was undergoing final revisions. (*Id.*)

Fed. R. Evid. 706(a) provides in pertinent part:

> The court may on its own motion or on a motion of any party enter an order to show cause why expert witnesses should not be appointed and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection.

A trial judge has broad discretion in regulating trial procedure, including the appointment of an expert to assist the court in understanding complex matters. *Gates v. United States*, 707 F.2d 1141, 1144 (10th Cir.1983). The judge has discretion to choose an expert without the agreement of

the parties. *See* Rule 706(a). Thus, Plaintiffs' purported withdrawal of their stipulation does not disqualify Dr. Hunner as a Rule 706 expert.

Due to the state of the law and the relative scarcity of published works on the history of the name, "Las Cruces," I suggested that a Rule 706 expert might be appropriate to assist in developing the record for this case and Case No. CIV 03-1043 RB/LAM. The parties agreed that a Rule 706 expert should be appointed. The litigants selected Dr. Hunner, and jointly asked me to appoint him as a Rule 706 expert in both cases. Only after they received the Report did Plaintiffs assert their argument that Dr. Hunner was biased due to his contract with LCC&VB. I find Plaintiffs' assertion of bias to be without merit.

Dr. Hunner is employed as an associate professor by a respected university. He has studied and published on the history of the Las Cruces area. The fact that LCC&VB contracted with him to compile a brochure on this topic speaks to his expertise. Dr. Hunner has contracted with other entities, including the El Paso Community Foundation, the New Mexico State Monuments, the New Mexico Humanities Council, the New Mexico Historic Preservation Division, and the National Park Service, to complete projects on area history. *See* http://web.nmsu.edu/~publhist/hunnervita.htm. Thus, the LCC&VB contract was but one of many projects on area history performed by Dr. Hunner.

Plaintiffs have cited no authority for the proposition that the contract constitutes a conflict of interest or disqualifies Dr. Hunner from serving as a Rule 706 expert. My research has revealed no such authority. Indeed, expert witnesses are routinely employed in their field of expertise. Nothing in the record indicates that Dr. Hunner is biased due to his contract with LCC&VB. Plaintiffs' request to disqualify Dr. Hunner on the basis of his contract with LCC&VB is denied.

### B. Dr. Hunner is qualified as an expert on the history of Las Cruces.

A district court may allow expert testimony "[i]f [the expert] scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  The Supreme Court has held that Rule 702 imposes a special "gate-keeping" obligation upon a trial judge to ensure that all expert testimony, even non-scientific and experience-based expert testimony, is both relevant and reliable. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993).

Prior to admitting the expert testimony, the court must insure the testimony "is not only relevant, but reliable." *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir.2000).  The gatekeeping function is a "flexible and commonsense undertaking in which the trial judge is granted 'broad latitude' in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable." *Id.* (*quoting Kumho*, 526 U.S. at 141-142.)  "The purpose . . . is not to measure every expert by an inflexible set of criteria but to undertake whatever inquiry is necessary to 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Id.* (*quoting Kumho*, 526 U.S. at 152.)

Plaintiffs do not contest the relevance of the Report.  Although they do not directly contest the reliability of Dr. Hunner as an expert in local history, Plaintiffs did take issue with some of his historical findings in their responses to the Report.[2]  For this reason, I find it prudent to address Dr. Hunner's qualifications as an expert in Las Cruces history, including the historical context of the name, "Las Cruces," and the use of crosses within the community of Las Cruces.

---

[2] Plaintiffs filed their responses to the Report while they were proceeding pro se.

Dr. Hunner has a Ph.D. in New Mexico history and serves as Associate Professor and Director of the Public History Program at New Mexico State University. He has published on the history of the Las Cruces area. Dr. Hunner's professional reputation, position with New Mexico State University, curriculum vitae, Report, and deposition testimony establish that he is qualified to testify as an expert in Las Cruces or New Mexico history. Dr. Hunner's opinions regarding the history of the name, "Las Cruces," and the use of crosses within the community of Las Cruces are relevant and reliable. Dr. Hunner is qualified to testify as an expert witness on these issues.

**C. Dr. Hunner is not qualified to render a legal opinion.**

Dr. Hunner was appointed to render an opinion on the historical context of the name, "Las Cruces," and the use of crosses within the community of Las Cruces. The fact that Dr. Hunner is an expert on the history of Las Cruces does not qualify him to render legal opinions. *See Grace United Methodist Church v. City Of Cheyenne,* 451 F.3d 643, 669 (10th Cir.2006). Dr. Hunner has no legal training or expertise. Consequently, he is not qualified to express an opinion on legal questions. The courts will decide the legal issues raised by this case. The motion will be granted with respect to Dr. Hunner's legal opinions.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' objections to the Report based on the alleged conflict of interest are overruled.

**IT IS FURTHER ORDERED** that Dr. Hunner is qualified to testify as an expert witness on the history of Las Cruces, including the historical context of the name, "Las Cruces," and the use of crosses within the community of Las Cruces.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Testimony of Jon Hunner,

Ph.D., (Doc. 145), filed on June 29, 2006, is **GRANTED** as to Section Two of the Report, entitled "Governmental Protection of the Practice of Religion," the second and third paragraphs on page 19, continuing to page 20, and any other legal opinions rendered by Dr. Hunner.

*[signature]*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**